**Hye Jung WON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73289.

Agency No. A38–653–130.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 31, 2004.

Decided April 14, 2004.

Stuart I. Folinsky, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jeffrey J. Bernstein, Esq., Russell J.E. Verby, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

**MEMORANDUM** *

Hye Jung Won, a native and citizen of the Republic of Korea, petitions for review of the Board of Immigration Appeals' denial of her application for admission as a returning lawful permanent resident. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). We deny her petition.

(1) Won first asserts that the BIA improperly refused to accept her late-submitted brief. We disagree. In fact, the BIA gave her proper notice that her brief was due on a particular date and that merely filing a request for an extension would not change that date. *Cf. Singh v. INS*, 340 F.3d 802, 806 (9th Cir.2003) (where notice not properly given, alien could not be held to a particular date), *amended by* 362 F.3d 1164 (9th Cir.2004). She requested an extension and did not receive notice of extension before the due date. Incidentally, she did not even file her brief by her own requested new due date. There was no abuse of discretion in the refusal to accept her brief.

(2) Despite Won's claim to the contrary, our careful review of the record satisfies us that the Immigration Judge's determination that she had abandoned her lawful permanent resident status was supported by substantial evidence, which was sufficient to show that she had no definite plan or uninterrupted intent to reside in the United States, but, rather, that she tried to keep open an option to ultimately decide to reside one place (Korea) or the other (United States). *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (effect of the substantial evidence test); *Khodagholian v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ashcroft,* 335 F.3d 1003, 1006 (9th Cir. 2003) (government's clear, unequivocal and convincing evidence burden); *Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997) (same); *Chavez–Ramirez v. INS,* 792 F.2d 932, 934–35 (9th Cir.1986) (same); *see also Moin v. Ashcroft,* 335 F.3d 415, 418–20 (5th Cir.2003) (extended absences and conduct showing no definite plan to live in the United States); *Aleem v. Perryman,* 114 F.3d 672, 677–78 (7th Cir.1997) (same); *Alvarez v. Dist. Dir. INS,* 539 F.2d 1220, 1223–1224 (9th Cir.1976) (same); *In re Huang,* 19 I. & N. Dec. 749, 752–53 (BIA 1988) (same); *In re Kane,* 15 I. & N. Dec 258, 265 (BIA 1975) (same).

(3) Finally, Won complains that the BIA's use of the streamlining regulations to affirm immigration judges' decisions is improper. *See* 8 C.F.R. § 1003.1(a)(7) (formerly 8 C.F.R. § 3.1(a)(7)). We have already held to the contrary. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

Petition DENIED.